IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTONIO HOSKINS, <br> on behalf of plaintiff and the class members <br> described below, and <br> PEOPLE OF THE STATE OF ILLINOIS <br> EX REL. ANTONIO HOSKINS, <br><br> Plaintiffs, <br><br> vs. <br><br> COMMERCIAL CHECK CONTROL, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.  Plaintiff Antonio Hoskins brings this action to secure redress from unlawful collection practices engaged in by defendant Commercial Check Control, Inc. ("CCC"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). Plaintiff People of the State of Illinois ex rel. Antonio Hoskins alleges violation of the Illinois Collection Agency Act, 225 ILCS 425/1 ("ICAA"), by unlicensed collection activities.

2.  The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.  In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. §1692(a).

4.  Because of this, courts have held that "the FDCPA's legislative intent emphasizes

the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff Antonio Hoskins seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

7. The ICAA reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

## VENUE AND JURISDICTION

8. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337 and 28 U.S.C. §1367.

9. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by plaintiff within this District;

   b. Defendant does or transacts business within this District.

## PARTIES

10. Plaintiff Antonio Hoskins is an individual who resides in the Northern District of Illinois.

11. Defendant CCC is a California corporation with offices at 101 N. Orange Ave., Suite F, West Covina, CA 91790.

12. CCC is engaged in the business of using the mails and telephone to collect consumer debts owed to others.

13. CCC states that it is "a fully licensed collection agency specializing in the collection of bad checks. With twenty eight years of experience, CCC has earned a reputation for quality service and has become the agency of choice for many of the country's top retailers. Regardless of the type of product or services a company may sell or offer and the geographical location of the retailer, CCC's recovery rates have consistently exceeded that of it's competition. Utilizing the latest in computer technology CCC's office handles more than 30,000 checks per month. Let us know what we can do to help you, please call 844-729-2959." (http://www.commercialcheck.com/about.html)

14. CCC is a debt collector as defined in the FDCPA.

15. CCC was formerly licensed as a debt collector by the state of Illinois, but allowed such status to lapse.

## FACTS

16. Defendant has been attempting to collect from plaintiff an alleged debt consisting of a dishonored check issued to Albertson's.

17. Albertson's operates Jewel-Osco stores.

18. Any such debt would have been incurred, if at all, for personal, family or household purposes.

19. On or about February 6, 2018, defendant sent plaintiff the letter attached as Exhibit A seeking to collect such debt.

20. On or about March 12, 2018, defendant sent plaintiff the letter attached as Exhibit B seeking to collect such debt.

21. Exhibit B is a form letter. It has a form designation. It has a bar coded address,

indicative of a mass-mailed form letter.

22. <u>Exhibit B</u> is labeled "final notice." It refers to "criminal intent" and "civil prosecution." It states that the consumer may need an attorney. It concludes with "Should you wish to resolve this matter voluntarily," indicating that failure to do so will result in some involuntary resolution.

23. <u>Exhibit B</u> conveys the impression to the unsophisticated consumer that failure to comply will result in legal action, civil or criminal.

24. In fact:

    a. CCC is not licensed as a collection agency in Illinois and cannot file suit itself;

    b. CCC does not file suit itself against Illinois consumers;

    c. Albertson's does not regularly file suit against Illinois consumers.

    d. On information and belief, neither CCC nor its principal Albertson's regularly files criminal charges against Illinois consumers.

25. The letter is contrived to convey a false impression that legal action is (a) possible and (b) imminent, when neither is true.

## COUNT I – FDCPA

26. Plaintiff Hoskins incorporates paragraphs 1-25.

27. Defendant violated 15 U.S.C. §1692e, 1692e(2), 1692e(5) and 1692e(10) by sending <u>Exhibit B</u>.

## CLASS ALLEGATIONS

28. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

29. The class consists of (a) all individuals with addresses in Illinois (b) to whom

defendant sent a letter in the form represented by Exhibit B, (c) which letter was sent at any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

30. On information and belief, the class is so numerous that joinder of all members is not practicable, in that more than 40 letters were sent.

31. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendant engages in a practice of sending letters in the form of Exhibit B and whether doing so violates the FDCPA.

32. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

33. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

34. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

    i. Statutory damages;

    ii. Attorney's fees, litigation expenses and costs of suit;

    iii. Such other and further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

35. Plaintiff People of the State of Illinois ex rel. Anthony Hopkins incorporates paragraphs 1-25.

36. Defendant is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

37. Defendant violated 225 ILCS 425/4 by collecting without a license.

38. Section 425/4 provides:

> **Sec. 4. No collection agency shall operate in this State, directly or indirectly engage in the business of collecting, solicit claims for others, have a sales office, a client, or solicit a client in this State, exercise the right to collect, or receive payment for another of any account, bill or other indebtedness, without registering under this Act except that no collection agency shall be required to be licensed or maintain an established business address in this State if the agency's activities in this State are limited to collecting debts from debtors located in this State by means of interstate communication, including telephone, mail, or facsimile transmission from the agency's location in another state provided they are licensed in that state and these same privileges are permitted in that licensed state to agencies licensed in Illinois.**

39. CCC's home state of California does not license debt collectors.

40. 225 ILCS 425/14a provides:

> **Sec. 14a. The practice as a collection agency by any entity not holding a valid and current license under this Act is declared to be inimical to the public welfare, to constitute a public nuisance, and to cause irreparable harm to the public welfare. The Director, the Attorney General, the State's Attorney of any county in the State, or any person may maintain an action in the name of the People of the State of Illinois, and may apply for injunctive relief in any circuit court to enjoin such entity from engaging in such practice. Upon the filing of a verified petition in such court, the court, if satisfied by affidavit or otherwise that such entity has been engaged in such practice without a valid and current license, may enter a temporary restraining order without notice or bond, enjoining the defendant from such further practice. Only the showing of nonlicensure, by affidavit or otherwise, is necessary in order for a temporary injunction to issue. A copy of the verified complaint shall be served upon the defendant and the proceedings shall thereafter be conducted as in other civil cases except as modified by this Section. If it is established that the defendant has been or is engaged in such unlawful practice, the court may enter an order or judgment perpetually enjoining the defendant from further practice. In all proceedings hereunder, the court, in its discretion, may apportion the costs among the parties**

>**interested in the action, including cost of filing the complaint, service of process, witness fees and expenses, court reporter charges and reasonable attorneys' fees. In case of violation of any injunctive order entered under the provisions of this Section, the court may summarily try and punish the offender for contempt of court. Such injunction proceedings shall be in addition to, and not in lieu of, all penalties and other remedies provided in this Act.**

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant:

    i.    An injunction against further collection activities directed to Illinois consumers;

    ii.    Attorney's fees, litigation expenses and costs of suit;

    iii.    Such other and further relief as is appropriate.

        s/Daniel A. Edelman
        Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
Paul M. Waldern
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

T:\34994\Pleading\Complaint_Pleading.wpd

7

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    &amp; GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)